

# UNITED STATES DISTRICT COURT
## for the
## Middle District of Florida
### Fort Myers Division

VERNON BALLARD PARSONS, III  
**Plaintiff**

- v -

MARIFE JOYNO CHANGCO  
**Defendant**

Case No. 2:23cv742 JLB-NPM

Jury Trial Demanded: [✓] Yes [ ] No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff

Basic information regarding the Plaintiff is as follows:

Name: Vernon Ballard Parsons, III  
Address: 1118 SE Alabama Street    Arcadia, FL 34266  
Phone: (941) 916-3360              County:  Desoto  
Email: vp3@comcast.net

The Plaintiff is a divorced individual whom is currently unemployed.

**B.   The Defendant**

Basic information regarding the Defendant is as follows:

| | | | |
|---|---|---|---|
| Name: | Marife Joyno Changco | | |
| Address: | 1275 US-1, Ste. 2-236 | Vero Beach, FL  32960 | |
| Phone: | (941) 267-9612 | County: | Indian River |
| Email: | iampepsicles@gmail.com | | |

The Defendant is a divorced individual with undocumented work status.

## II.   Basis for Jurisdiction

**A.   Federal Question:**

This case is a matter of federal question wherefore *18 U.S.C. 1621, 18 U.S.C. 1623 and 28 U.S.C. 1746*, are at issue in this case.

**B.   Diversity of Citizenship:**

1.   The Plaintiff is an individual and a U.S. Citizen.

2.   The Defendant is an individual and a Philippines Citizen.

3.   The amount in controversy is Seventy-Six Thousand and Two Hundred Twenty-Eight Dollars ($76,228.00).

## III.   Statement of Claim and Facts

The Plaintiff has been damaged, equal to or greater than the amount in controversy as described above, due to Defendant's willful and material perjury during official court proceedings.  Plaintiff now alleges and affirms the following facts:

*[ Defendant's answer should address each enumerated item below with either an affirmation, or a denial with explanation, or an "unknown".]*

1. Plaintiff is a U.S. citizen and Defendant is a Philippines citizen.

2. Plaintiff petitioned the USCIS for a K-1 non-immigrant fiancee visa which was approved in 2018 for the purposes of marrying Defendant within the USA. Within 90 days of Defendant arriving in the U.S. the couple were married in Florida on August 28, 2018.

3. As a general rule, the USCIS will allow a K-1 visa holder to adjust status and receive a greencard after being married to a U.S. citizen for more than two years.

4. After being married for two years, the Defendant applied for an adjustment of status with the USCIS to receive a greencard and work/travel authorization.

5. Before submitting the USCIS application to adjust status and receive a work authorization, the Defendant had been working unlawfully for Roger & Evangeline Derosa in Brandon, Florida.

6. During the time that Defendant's application for adjustment of status was being processed, the Defendant continued to violate immigration law by working unlawfully for Jon-Claude Stevens (of Jensen Beach, Florida) and Taylor Basnight (of Hobe Sound, Florida) in various locations.

7. The Defendant abandoned the marriage shortly after submitting her application to adjust status with USCIS, and the Plaintiff filed a dissolution of marriage in Desoto County, Florida, where the couple had resided together.

8. Shortly after Defendant abandoned the marriage, the USCIS scheduled a final "marriage interview" for 01/08/2021 which compelled the Defendant and Plaintiff to appear in the USCIS field office in Fort Myers, Florida.

9. The Plaintiff had arranged to have Defendant served the dissolution of marriage documents at the USCIS interview since her whereabouts were otherwise unknown.

10. The Defendant's application for adjustment of status was denied by USCIS on 04/05/2021, which also denies her ability to lawfully remain in the U.S.

11. The Defendant has a Philippines passport that contains a visa that expired in August of 2018, however, the Defendant continues choosing to remain in the country with an unlawful presence while violating immigration laws, working illegally, not paying taxes, and sending money to the Philippines.

12. Throughout the divorce proceedings between Plaintiff and Defendant, the Defendant had been residing with Taylor Basnight while working for Basnight's business in Hobe Sound, Florida.

13. While employed by and residing with Basnight, the Defendant had filed a "Verified Motion For Temporary Relief" during the divorce proceedings in Desoto County, claiming to have expenses with no employment/income, and requesting said court to require Plaintiff to pay Defendant various amounts of support. The judge in the Desoto case set a hearing for Defendant's said "Verified Motion For Temporary Relief".

14. Before said motion hearing, the Defendant filed a required Financial Affidavit with the court, sworn under oath with penalties for perjury, stating that Defendant was unemployed with no income.

15. At the motion hearing, before Hon. Don T. Hall, the Defendant under sworn oath gave testimony that the Defendant was unemployed with no income.

16. Based upon the fraudulent Financial Affidavit and the Defendant's perjuring testimony in the open-court session, the judge ruled in favor of Defendant's then Motion, ordering the Plaintiff to pay the Defendant for her alleged needs for support.

17. By the time that a Final Hearing was scheduled for the divorce, the Plaintiff was unable and unwilling to pay Defendant any of the sums as ordered by the judge. At the Final Hearing, the Defendant perjured itself again claiming to be unemployed without income, and therefore the judge issued a "Final Judgment Of Dissolution Of Marriage" which included forcing the sale of the Plaintiff and his Daughter's home in order to give the Defendant half of any equity from the sale.

18. Said property did not sell according to the Judge's order and Defendant motioned the Judge to find Plaintiff in contempt whilst filing another fraudulent Financial Affidavit sworn that Defendant was unemployed during a period of time that Defendant was still actually employed. Without any hearing on the matter, the Judge issued another post-marital order to appoint a special magistrate for selling Plaintiff and Daughter's home, with stricter and less ambiguous stipulations.

19. The Defendant, by means of continual material perjury, for the purposes of unjust enrichment, has caused our judicial system to err thereby successfully gaining an original judgment against Plaintiff by committing perjury, and by means of "conversion" had gained subsequent judgments against Plaintiff due to Defendant's ongoing perjury and ambitions to defraud our judicial system.

20. The Plaintiff and his Daughter are surviving widowers, and the Plaintiff is now indigent as a result of retiring at age 50 in order to home-school his Daughter, due to the Defendant abandoning the marriage without there being any "woman of the household". Forcing the sale of Plaintiff and Daughter's home would surely render them homeless, as they already reside in the smallest and most affordable dwelling, and Plaintiff would not be able to afford another home elsewhere or anywhere near the market area. The Defendant does not have any children, only a younger boyfriend that rents in a more expensive area.

## IV.   Relief

Plaintiff is seeking the total sum of Seventy-Six Thousand and Two Hundred Twenty-Eight Dollars ($76,228.00).  Said sum includes both actual and punitive damages, but does not include any legal costs and filing fees nor any reimbursement of expenses for Property repairs and maintenance nor any amounts for emotional distress.  Said sum is supported as follows:

1. Plaintiff's Property was ordered to be sold with Defendant to receive half of any equity available at the closing of the transaction.

2. Said Property is now valued at up to Two Hundred and Seventy Thousand Dollars ($270,000.00).

3. Plaintiff owes a mortgage loan on the Property with a current balance of One Hundred Seventeen Thousand Five Hundred Forty-Four Dollars ($117,544.00).

4. The potential market value of said Property, less the potential balance of said mortgage loan, derives a potential equity of $152,456.00, half of which ($76,228.00) would be unrecoverable by the Plaintiff, in the absence of a judgment from this Court, due to the actions of the Defendant as described above in the "Statement of Claim and Facts" herein.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 09/18/2023

Signature of Plaintiff *Vernon Ballard Parsons III*

Printed Name of Plaintiff VERNON BALLARD PARSONS III