UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VERNON BALLARD PARSONS, III,

    Plaintiff,

v.

                                    Case No:   2:23-cv-742-JLB-NPM

MARIFE JOYNO CHANGCO,

    Defendant.
_____

## ORDER

Plaintiff has filed an objection (Doc. 20) to the Magistrate Judge's order dismissing the case (Doc. 18), a Motion to Change Venue/Transfer Case (Doc. 21), a Motion for Leave for Interlocutory Appeal "to be reviewed and heard by the District Court" (Doc. 25), and an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 26), which the Court construes as a motion to proceed on appeal *in forma pauperis* ("IFP Motion") given Plaintiff's simultaneous filing of a Notice of Interlocutory Appeal (Doc. 22).  For the reasons set forth below, the IFP Motion and the Motion for Leave for Interlocutory Appeal are **DENIED**. The Court reserves its decision on the Objection (Doc. 20) and the Motion to Change Venue/Transfer Case (Doc. 21).

    I.    **IFP Motion**

Motions to proceed on appeal *in forma pauperis* are governed by Federal Rule of Appellate Procedure 24 and 28 U.S.C. § 1915.  *See Ex parte Chayoon*, No. 6:06-cv-

1

1812-Orl-19JGG, 2007 WL 1099088, at *2 (M.D. Fla. Apr. 10, 2007). A district court has "wide discretion" in denying an application to proceed IFP, and in civil cases for damages, the Eleventh Circuit has observed that "courts should grant the privilege sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004) (quoting *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)).

Rule 24 provides that a party who desires to appeal *in forma pauperis* must file a motion, attaching an affidavit that: (1) "shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;" (2) "claims an entitlement to redress;" and (3) "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(A)–(C).

Section 1915 authorizes an "appeal . . . without prepayment of fees or security therefor" when an appellant submits an affidavit evidencing his inability to pay such fees or security. 28 U.S.C. § 1915(a). Section 1915 also mandates that an appeal be brought in good faith. 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

"A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard." *Ghee v. Retailers Nat'l Bank*, 271 F. App'x 858, 859 (11th Cir. 2008) (per curiam) (citing *Coppedge v. U.S.*, 369 U.S. 438, 445 (1962)). "An issue is frivolous when it appears that 'the legal theories are indisputably meritless.'" *Id.* (quoting *Carroll v. Gross*, 984 F.2d

2

392, 393 (11th Cir. 1993)). "[A]n IFP action is frivolous, and thus not brought in good faith, if it is 'without arguable merit either in law or fact.'" *Id.* at 859–60 (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). Arguable, in this context, means "capable of being convincingly argued." *Id.* at 860 (quoting *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991)) (internal quotation marks omitted). Importantly, where a claim is arguable, it should be allowed to proceed, even if it ultimately will be unsuccessful. *Id.* (quoting *Cofield v. Alabama Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991)).

The Magistrate Judge in this matter, Judge Mizell, entered an order denying Plaintiff's request to proceed *in forma pauperis* in the district court and dismissing the Amended Complaint because it is frivolous. (Doc. 18 at 1). Plaintiff filed an objection to the Order, which the Court will consider in due course. (Doc. 20).

While Plaintiff's application to appeal *in forma pauperis* suggests that he may be indigent, Plaintiff did not comply with Federal Rule of Appellate Procedure 24 because he failed to attach an affidavit claiming an entitlement to redress or stating what issues he plans to pursue on appeal. (*See* Doc. 26); *see also* Fed. R. App. P. 24(a)(1)(B)–(C). Moreover, a Magistrate Judge's order is not final and is not immediately appealable as of right. *See Ferguson v. Acura*, No. 17-13868-EE, 2017 WL 7803833, at *1 (11th Cir. Nov. 1, 2017) ("The magistrate judge's order has not been adopted by the district court. Accordingly, the order is not appealable. . . . Even if the order were later adopted by the court, the adoption would not cure Ms. Ferguson's premature appeal") (citations omitted); *Wright v. Warren*, Civil Action

3

No. 1:17-CV-5481-CAP, 2018 WL 1283680, at *1 (N.D. Ga. Jan. 24, 2018) ("[T]he report and recommendation is not a final order, and, therefore, is not appealable to the Court of Appeals. Thus, the application to proceed on appeal in forma pauperis . . . is DENIED.").

Accordingly, the IFP Motion is denied.

## II. Motion for Leave for Interlocutory Appeal

Plaintiff's Motion for Leave for Interlocutory Appeal "request[s] that this Court grant leave for said Interlocutory Appeal to be reviewed and heard by the Fort Myers Division for the Florida Middle District of the U.S. District Courts." (Doc. 25 at 1). It is unclear whether Plaintiff's request is for this Court to certify this case for an immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b) or for this Court to rule on the Objection.

To the extent that Plaintiff requests to certify this case for interlocutory appeal under 28 U.S.C. § 1292(b), such request is denied. Three factors are relevant in deciding whether an order merits interlocutory review under § 1292(b): "(1) whether the case presents a 'controlling question of law'; (2) whether there is a 'substantial ground for difference of opinion'; and (3) whether the appeal will 'materially advance the ultimate termination of the litigation.'" *Simpson v. Carolina Builders Corp.*, 222 F. App'x 924, 925 (11th Cir. 2007) (citing 28 U.S.C. § 1292(b)). Interlocutory review is a "rare exception" to the rule that appellate review is conducted after final judgment, and there is a strong presumption against interlocutory appeals. *See McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259,

1264 (11th Cir. 2004). Even if Judge Mizell's order were available for interlocutory review by the Court of Appeals (which this Court explicitly does not decide), none of the above factors merit such interlocutory appeal. Therefore, any request to certify this case for interlocutory appeal under § 1292(b) is denied. *See Intamin Amusements Rides Int. Corp. Est. v. US Thrillrides, LLC*, Case No. 6:20-cv-713-Orl-41DCI, 2020 WL 13614465, at *1 (M.D. Fla. Sept. 15, 2020) ("Even when all of the § 1292 factors are satisfied, 'certification is wholly discretionary with both the district court and the circuit court'") (quoting *OFS Fitel, LLC v. Epstein*, 549 F.3d 1344, 1358 (11th Cir. 2008)). To the extent that Plaintiff requests that the Court rule on his Objection, the Court is aware of the Objection and will rule on it in due course.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Leave for Interlocutory Appeal (Doc. 25) and IFP Motion (Doc. 26) are **DENIED**. The Court certifies that Plaintiff's appeal is not taken in good faith. The Clerk of Court is **DIRECTED** to notify the Eleventh Circuit Court of Appeals of the above ruling in accordance with Federal Rule of Appellate Procedure 24(a)(4).

The Court reserves its decision on the Objection (Doc. 20) and the Motion to Change Venue/Transfer Case (Doc. 21) and will rule on such matters in due course.

**ORDERED** at Fort Myers, Florida on June 11, 2024.

*[signature]*
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE