UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**VERNON BALLARD PARSONS, III**,

   Plaintiff,

v.                                                                          2:23-cv-742-JLB-NPM

**MARIFE JOYNO CHANGCO**,

   Defendant.

---

# ORDER

Vernon Ballard Parsons, a pro se plaintiff, initiated this action against his ex-wife over allegedly false statements she made under oath during their marital-dissolution proceedings in state court. (Doc. 9). Parsons moved to proceed in forma pauperis. (Doc. 2). But because both his complaint and amended complaint failed to satisfy review under 28 U.S.C. § 1915(e)(2), the court dismissed them. (Docs. 6, 18). Parsons's objection to the § 1915 dismissal remains pending. (Doc. 20).

Parsons has since asked the court to transfer this case to either the Orlando division of this district or to the West Palm Beach division of the Southern District of Florida. (Doc. 21). But his motion is denied for several reasons. As an initial matter, the motion fails to comply with Local Rule 3.01(g)'s conferral requirement. It also fails to include a legal memorandum in contravention of Local Rule 3.01(a). But the larger issue is, consistent with Local Rule 6.03(a), Parsons's objection to the

court's § 1915 order (Doc. 20) should first be resolved before a venue motion would be entertained.

It also seems that Parsons's requested transfer is largely (if not entirely) motivated by his dissatisfaction with adverse rulings. But this alone does not supply grounds for his requested relief. *See Fulwood v. Fed. Bureau of Prisons*, 568 F. App'x 753, 757 (11th Cir. 2014). Additionally, he fails to show this action could originally have been brought in either of his requested venues. 28 U.S.C. § 1404. But defendant Marifa Changco apparently resides in Vero Beach, Florida (Doc. 5), which may render the Fort Pierce division of the Southern District a proper venue.

For the forgoing reasons, Parsons's motion to transfer venue (Doc. 21) is **denied**. But Parsons may file a motion to voluntarily dismiss this action under Rule 41(a)(2). He would then be free to pursue this action elsewhere.

ORDERED on July 29, 2024

_____
NICHOLAS P. MIZELL
United States Magistrate Judge