UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VERNON BALLARD PARSONS, III,

    Plaintiff,

v.                                            Case No: 2:23-cv-742-JLB-NPM

MARIFE JOYNO CHANGCO,

    Defendant.
_____/

## ORDER

This matter comes before the Court on *pro se* Plaintiff Vernon Ballard Parsons III's objections (Doc. 20) to the United States Magistrate Judge's Order dismissing Plaintiff's amended complaint (Doc. 18). For the reasons set forth below, Plaintiff's objections are **OVERRULED**.

## Background

Plaintiff initiated this action alleging that Defendant Marife Joyno Changco——his ex-wife—made false statements under oath during their marital dissolution proceedings in Florida state court, which caused a forced sale of his house. (Doc. 18 at 1). Plaintiff claims that Defendant falsely represented—for the purposes of her request to receive child support from Defendant—that she was unemployed in sworn court documents when Plaintiff claims she was indeed employed and had sources of income. (Doc. 9 at 6). Not receiving the outcome he desired from the Florida state trial courts, Florida's Second District Court of Appeal, or Florida's Fourth District Court of Appeal, Plaintiff filed this federal lawsuit. (Doc. 18 at 2

n.1) (listing Florida appellate cases). After this Court dismissed his initial complaint without prejudice under 28 U.S.C. § 1915(e)(2), (Doc. 6), Plaintiff filed an amended complaint, asserting a new claim under Florida's Civil Remedies for Criminal Practices Act, Fla. Stat. § 772.101 *et seq.* (Doc. 9 at 1-2). The alleged facts remained essentially the same as Plaintiff's initial complaint. (*Id.* at 3-7).

The facts are thoroughly laid out in the Magistrate Judge's order, which the Court adopts, and there is no need to recite them here. (Doc. 18 at 1–3). In a nutshell, Plaintiff's central quarrel is that Defendant's purported lies in three sworn documents induced the Florida state court to enter an incorrect financial support order. Plaintiff claims he is a victim of Defendant's "perjury." Notably, he admits that he refused to pay the court-ordered financial award to Defendant, which prompted the Florida state court to order the sale of his house to satisfy that financial award. (*Id.* at 2). The Magistrate Judge dismissed the amended complaint, finding it again failed to "satisfy [28 U.S.C.] § 1915(e)(2) review" and otherwise failed "to adequately state a claim and is otherwise frivolous." (*Id.* at 1, 6).

## Legal Standard

A district judge "may accept, reject, or modify" a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). When a party makes a timely and specific objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

**Discussion**

Plaintiff argues that his claims under Chapter 772 of the Florida Statutes provide a basis for civil relief. Specifically, he asserts that Chapter 772 "is not limited to RICO matters" and encompasses claims for fraud and making false statements, among other criminal acts. (Doc. 20 at 2–3). However, the Magistrate Judge properly addressed this issue by noting that, to state a claim under Chapter 772, Plaintiff must demonstrate a "pattern of criminal activity" as defined by Florida's Civil Remedies for Criminal Practices Act, Fla. Stat. § 772.102(4), which requires two or more related incidents of criminal conduct with continuity or a threat of future repetition. (Doc. 18 at 2–3). The Magistrate Judge concluded that Plaintiff failed to establish this requirement, observing that Plaintiff's allegations amount to a "single scheme with a discrete goal." (*Id.* at 5). The Court agrees with this conclusion, as Plaintiff's allegations pertain to Defendant's conduct in one dissolution proceeding rather than an ongoing criminal enterprise.

Simply stated, Plaintiff has failed to plead a prima facie case under Florida's Civil RICO statute or under Chapter 772 of the Florida Statutes' Civil Remedies for Criminal Practices Act. Section 772.103 provides that it is unlawful for any person:

> (1) Who has with criminal intent received any proceeds derived, directly or indirectly, *from a pattern of criminal activity* or through the collection of an unlawful debt to use or invest, whether directly or indirectly, any part of such proceeds, or the proceeds derived from the investment or use thereof, in the acquisition of any title to, or any right, interest, or equity in, real property or in the establishment or operation of any enterprise.

- 3 -

> (2) Through *a pattern of criminal activity* or through the collection of an unlawful debt, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise or real property.
>
> (3) Employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise *through a pattern of criminal activity* or the collection of an unlawful debt.
>
> (4) To conspire or endeavor to violate any of the provisions of subsection (1), subsection (2), or subsection (3).

Fla. Stat. § 772.103 (2023) (emphasis added).

"Pattern of criminal activity" is defined as:

> [E]ngaging in at least two incidents of criminal activity that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents; provided that the last of such incidents occurred within 5 years after a prior incident of criminal activity. For the purposes of this chapter, the term "pattern of criminal activity" shall not include two or more incidents of fraudulent conduct arising out of a single contract or transaction against one or more related persons.

*Id.* § 772.102(4).

There is but one asserted victim—Plaintiff—and only a single scheme with a discrete goal. That is, the purported goal under a liberal reading of Plaintiff's amended complaint was to induce a perjury-based financial support award that ultimately led to the state court's order to sell Plaintiff's home and give Defendant half of the sale proceeds. The Magistrate Judge correctly found that Plaintiff's own failure to pay the court-order financial support payment to Defendant resulted in the sale of his house. And the Magistrate Judge correctly found that Plaintiff did

not (and cannot) satisfy the continuity requirement required to establish a private cause of action under Florida law. (Doc. 18 at 3–6). Accordingly, this Court finds no error in the Magistrate Judge's determination that Plaintiff's amended complaint alleging perjury of his ex-wife in the Florida state court proceedings has failed to state a claim for relief here.

Next, Plaintiff objects that "the court's subject-matter is not 'dubious,' as this is a diversity case with an amount in controversy of $75,000 or greater." (Doc. 20 at 10). This argument is difficult to understand. The Magistrate Judge appropriately noted that there was no federal question presented and further expressed some concern whether Plaintiff could establish that the amount in controversy exceeded $75,000 when the action was filed, given that Plaintiff's valuation of a house he had owned with his ex-wife, the Defendant here, was based on "potential market value." (Doc. 18 at 6 n.4). At bottom, it is clear that the Magistrate Judge construed the *pro se* Plaintiff's pleadings liberally and determined that the jurisdiction was proper. (*Id.*). The objection is overruled.[1]

---

[1] That said, the Court notes that the gravamen of Plaintiff's operative complaint is his attempt to get another bite of the apple. Specifically, his entire case is driven because of his contention that the Florida state court presiding over the dissolution of marriage and property distribution between him and Defendant was the wrong result and driven by a lie of the Defendant. To pursue these particular claims in federal court would not only circumvent the state's supervisory role in enforcing and modifying divorce decrees but would also contravene the federal policy against such intervention. *See, e.g.*, *McCavey v. Barnett*, 629 F. App'x 865, 867 (11th Cir. 2015) (concluding the "district court properly dismissed . . . a claim for child support arrearages that would have required the district court 'to decide the propriety of' the state court's order purging those arrearages"); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 701–02, (1992) (explaining that the domestic relations exception was

## Conclusion

Upon careful review of the Magistrate Judge's Order, *de novo* review of the issues raised in Plaintiff's objections, and the entire record, the Court finds that the thorough and well-reasoned Report and Recommendation is due to be adopted.

Accordingly, it is **ORDERED**:

1. Plaintiff's Objections (Doc. 20) to the Magistrate Judge's Order dismissing the amended complaint are **OVERRULED**.

2. The Magistrate Judge's Order (Doc. 18) is **ADOPTED** and made part of this Order for all purposes.

3. This action is **DISMISSED WITH PREJUDICE**.

4. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the file.

**ORDERED** in Fort Myers, Florida, on December 19, 2024.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

intended to keep federal courts from hearing cases that "seek the granting or modification of a divorce or alimony decree").